IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANQUIN ST. JUNIOUS,

    Plaintiff,

v.

SECURITY STAFF AT
CHIPPEWA VALLEY CORRECTIONAL
FACILITY and WISCONSIN DEPARTMENT
OF CORRECTIONS,

    Defendants.

ORDER

Case No. 15-cv-344-slc

---

    Pro se plaintiff AnQuin St. Junious has filed a proposed complaint under 42 U.S.C. § 1983, in which he contends that defendant security staff at Chippewa Valley Correctional Treatment Facility ("CVCTF") and the Wisconsin Department of Corrections ("WDOC") failed to protect him from threats by other inmates while he was in state custody, in violation of the Eighth Amendment of the United States Constitution. The parties consented to magistrate judge jurisdiction, and on February 8, 2016, this case was reassigned to me. (Dkt. 8.) Having determined that St. Junious may proceed under the in forma pauperis statute, 28 U.S.C. § 1915, and that he has made his partial payment, his complaint is ready for screening under 28 U.S.C. § 1915A. For the following reasons, St. Junious will be permitted to amend his complaint to name Sergeant Hartman, the only available proper defendant.

ALLEGATIONS OF FACT

    In his complaint, St. Junious alleges the following facts, which the court must assume to be true for the purposes of this screening order:

Plaintiff AnQuin St. Junious is a prisoner in the custody of the State of Wisconsin Department of Corrections, and he is currently confined at Jackson Correctional Institution ("JCI").

Previously, St. Junious was incarcerated at CVCTF. While there, he began working with a "Sergeant Hartman" to investigate a suspected drug distribution scheme at CVCTF. St. Junious spoke to another inmate, who told him how the drugs were entering CVCTF. St. Junious learned from this inmate that inmates Caskey and Hawkins were involved in the drug scheme. St. Junious reported all of this to Sergeant Hartman. Sergeant Hartman asked him to write a "Confidential Statement," which would allow Sergeant Hartman to get the warden to act more quickly. St. Junious complied with that request, believing that his name would not be associated with the report or with any investigation of Caskey and Hawkins. Caskey and Hawkins received conduct reports for their involvement in the drug distribution scheme, and those conduct reports included St. Junious's confidential statement without redacting his name. Shortly after the conduct reports were issued, St. Junious, Caskey, and Hawkins were all place in segregation. St. Junious did not know why he was placed in segregation.

St. Junious was then transferred to Stanley Correctional Institution ("SCI"), where he learned for the first time that his confidential statement had been included in Caskey's and Hawkins's conduct reports. According to St. Junious, Caskey and Hawkins are associated with the "Latin Kings and 'Native American' tribes." While St. Junious was outside of Unit 4 at SCI, two Latin Kings surrounded him at a picnic table. The two Latin Kings made him read his

statement and told St. Junious to "get the f--- out of Stanley Correctional Institution before they break [his] neck or stab [him]."

St. Junious asked to be placed in safe custody. A lieutenant complied with his request and placed him in segregation for his own safety. St. Junious believes that Caskey and Hawkins made copies of their conduct reports, which they mailed to other correctional institutions and posted on Facebook pages. He explains that he was "devastated, scared, mentally unstable, and humiliated" by his confidential statement appearing in their conduct reports.

The SCI Warden then transferred St. Junious to JCI because of safety concerns. After his arrival, his confidential statement was seen by inmates at JCI. St. Junious then filed two complaints. One against the security staff at CVCTF, which was rejected because it was not filed in a timely manner. The other complaint was against JCI Staff, claiming that his confidential statement had been mailed to JCI and he did not feel safe. Because of his complaint, JCI placed a mail check on all incoming mail to search for copies of the conduct reports or St. Junious's confidential statement. No further steps were taken because St. Junious reported that he was "okay" residing at JCI.

OPINION

Plaintiff alleges that the staff at CVCTF and the WDOC failed to prevent the risk of harm to him by other inmates by releasing his confidential statement. The initial–but not fatal– problem with plaintiff's complaint is that it fails to identify a proper defendant. Claims under § 1983 must be alleged against "persons." 42 U.S.C. § 1983 (2012). *See Parker v. Liser*, Case No.

11-cv-527-slc, 2011 U.S. Dist. LEXIS 102390, 2011 WL 4014453, at *5 (W.D. Wis. Sept. 9, 2011) ("It is important that plaintiff identify in his amended complaint particular individuals he believes are violating his constitutional rights. He cannot sue "the health department" or "state employees" generally.). Plaintiff brings claims against the "Security Staff at Chippewa Valley Correctional Treatment Facility" and the "Wisconsin Department of Corrections." The first is a description of a group of employees, the second is department of the state government. Neither one is an actual "person" for purposes of § 1983. Therefore, the court will dismiss them from this action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

Because the complaint *does* state an Eighth Amendment claim against one potential defendant -- namely, Sergeant Hartman -- the court will permit plaintiff to amend his complaint to name him as a defendant. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). The Eighth Amendment requires that "those charged with the high responsibility of running prisons … 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Generally speaking, the "failure to prevent exposure to risk of harm" does not give rise to a constitutional violation without the materialization of the physical threat or harm. *Babcock v. White*, 102 F.3d 270, 272 (7th Cir. 1996) (emphasis added) ("However legitimate Babcock's fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment…."). Actual physical injury is not a filing prerequisite, however. A prisoner may seek injunctive relief and nominal or punitive damages where "[p]rison officials recklessly expose a prisoner to a substantial risk of a serious physical injury." *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011); *see also Turner v.*

4

*Pollard*, 564 Fed. Appx. 234, 238-39 (7th Cir. 2014) ("where . . . the record supports an inference that a prison official is deliberately exposing an inmate to a dangerous risk, the inmate may seek an injunction against exposure to the risk").

Although plaintiff does not allege any physical injury or seek an injunction, at the screening stage, it is reasonable to infer that Sergeant Hartman intentionally created the risk of harm by including plaintiff's name in the conduct report. Based on this screening order inference, that Sergeant Hartman acted intentionally, plaintiff is not foreclosed from seeking nominal and punitive damages from him. Accordingly, the court will permit plaintiff to amend his complaint to name Sergeant Hartman as a defendant.

Plaintiff has not pled facts suggesting that anyone else disregarded the risk that he might be harmed by other inmates. On the contrary, these facts indicate that the prison staff responded promptly to the threats. After the conduct reports were released, plaintiff was placed into segregation, which removed him from the threat of retribution by someone in the general population. Then, plaintiff was transferred to another correctional institution, away from Caskey and Hawkins. After plaintiff was threatened there, a lieutenant complied with his request to be placed into segregation for his safety, and then he was transferred to JCI, where the staff responded to his concerns by imposing a mail check to prevent his statement from being mailed to another inmate. Plaintiff admits that at that point he was okay being housed in JCI's general population and did not request any further actions. Accordingly, plaintiff has failed to allege that any prison staff besides Sergeant Hartman acted in conscious disregard to the risk of harm, and he will not be permitted to proceed against any other prison staff.

ORDER

IT IS ORDERED that:

1. Plaintiff AnQuin St. Junious may have until **April 4, 2016** to amend his complaint to substitute Sergeant Hartman as the only defendant in this action.

2. The currently named defendants, security staff at CVCTF and the WDOC, both are DISMISSED.

3. If St. Junious does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915A. If the amended complaint fails to comply with this order, the court will dismiss the complaint and this action pursuant to Fed. R. Civ. P. 41(b).

Entered this 17th day of March, 2016

        BY THE COURT:

        /s/

        STEPHEN L. CROCKER
        Magistrate Judge